vised at the time it received payment from the plaintiffs, through Hunter, that the insurance had been placed with the three insurers, its knowledge of that fact became the knowledge of its principals, the plaintiffs. If Loeb & Sons thus became the broker and agent of the plaintiffs, and violated its instructions, the obligation to repay the plaintiffs the portion of the premium advanced rests upon Loeb & Sons and not upon the defendant. As heretofore stated, the record does not disclose that the plaintiffs, or any of them, paid Hunter $5,880 or any other sum of money. If, however, he accepted payment from them after seeing the "cover note" and thus knowing how the insurance had been placed, action would in our opinion lie against him.

The judgment is reversed.

*Reversed.*

---

## L. Fish Furniture Company, Appellant, v. Charles R. Horrie, trading as Randolph Market & Grocery, Appellee.

### Gen. No. 19,262. (Not to be reported in full.)

Appeal from the County Court of Cook county; the Hon. ISAAC HUDSON, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1913. Reversed and remanded. Opinion filed April 21, 1914.

### Statement of the Case.

Action by L. Fish Furniture Company, a corporation against Charles R. Horrie, trading as Randolph Market & Grocery, to recover an amount claimed to be due from defendant for a quantity of trading

stamps. From a judgment in favor of defendant, plaintiff appeals.

FRIEDMAN & ADER, for appellant.

MORRIS & SCHUSTERMAN and HENRY J. GIBBS, for appellee.

MR. JUSTICE CLARK delivered the opinion of the court.

### Abstract of the Decision.

SALES, § 332*—*when verdict for defendant in action for price of trading stamps cannot be sustained.* In an action to recover a sum claimed to be due for trading stamps, a special notice of defense attached to the plea of the general issue and the affidavit of merits stated that "defendant would give in evidence and offer to prove that he has never refused to pay plaintiff according to the terms of said contract and that he now does offer the said plaintiff the sum of one hundred and forty-five dollars, being the amount due," etc. *Held* that a judgment entered on a verdict for defendant could not be sustained, the plaintiff having admitted a sum to be due, and the alleged tender not being kept good by payment of the money into court or by an offer of it in open court or otherwise.

———

## Ida M. Heath, Appellee, v. City of Chicago, Appellant.

## Gen. No. 19,321. (Not to be reported in full.)

Appeal from the Circuit Court of Cook county; the Hon. H. STERLING POMEROY, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1913. Affirmed. Opinion filed April 21, 1914. Rehearing denied May 5, 1914.

### Statement of the Case.

Action by Ida M. Heath against City of Chicago for personal injuries alleged to have been sustained

*See Illinois Notes Digest, Vols. XI to XV and Cumulative Quarterly, same topic and section number.